IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OAKDALE TOWNHOMES, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-00802-AB |
| | § | |
| GENERAL STAR NATIONAL | § | |
| INSURANCE COMPANY D/B/A | § | |
| GENERAL STAR INDEMNITY COMPANY | § | |
| AND KAITLYN ANNE HENNING | § | |
| *Defendants*. | § | |

**PLAINTIFF'S UNOPPOSED FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE ADA BROWN:

OAKDALE TOWNHOMES, LLC, Plaintiff in the above-entitled and numbered cause, file this its Unopposed First Amended Original Complaint against GENERAL STAR NATIONAL INSURANCE COMPANY D/B/A GENERAL STAR INDEMNITY COMPANY ("General Star") and KAITLYN ANNE HENNING ("Henning") and in support thereof, would show as follows:

**I.**

Plaintiff's counsel conferred with counsel for Defendant General Star, and it is unopposed to Plaintiff's First Amended Original Complaint.

**II.**
**DISCOVERY CONTROL PLAN – LEVEL 3**

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, this case should be governed according to Discovery Control Plan Level 3.

## III.
## PARTIES

2. Plaintiff is doing business in Dallas County, Texas.

3. Defendant GENERAL STAR NATIONAL INSURANCE COMPANY D/B/A GENERAL STAR INDEMNITY COMPANY ("General Star") is a foreign insurance company doing business in the State of Texas and has already appeared and made answer herein.

4. Defendant KAITLYN ANNE HENNING ("Henning") is a Texas resident and may be served at her business address at 2537 S. Gessner Road, Suite 243, Houston, Texas 77063 by certified mail, return receipt requested. **Service is requested at this time.**

## IV.
## JURISDICTION AND VENUE

5. The Venue is proper in Dallas County, Texas pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because the real properties that make the subject matter of this claim are located in Dallas County, Texas and all or a substantial part of the events or omissions occurred in Dallas County, Texas, as it was the location where the parties entered into an insurance contract.

## V.
## FACTUAL BACKGROUND

6. Plaintiff owned the insured property, which is located at 4611 Samuell Blvd., Dallas, Texas 75228 (hereinafter referred to as "the Property").

7. General Star issued the commercial property policy of insurance No. IAG966700A, effective September 7, 2017 to September 7, 2018 (the "Policy") covering the Property. During all relevant times herein the Policy was in full force and effect, including the time that the Property was damaged by fire (referred to as the "Loss"). General Star was duly

notified of the Loss in compliance with the Policy. The Plaintiff has complied with all conditions precedent for recovery under the Policy as a result of the Loss.

8. Plaintiff asked that General Star cover all costs associated with the repairs and restoration, including temporary power equipment installed on the property and temporary office space for Plaintiff during repairs. General Star assigned Henning to adjust the claim and investigate the damages. General Star and Henning completely mishandled Plaintiff's claims and caused Plaintiff further and additional damages. General Star and Henning failed to conduct a full, fair, prompt and reasonable investigation of Plaintiff's covered damages. As described in more detail below, General Star and Henning conducted an outcome-oriented investigation and under-scoped Plaintiff's damages in order to allow the General Star to avoid full payment on the claim. Further, General Star and Henning caused extreme delay in determining a final scope of repairs to the property and forced Plaintiff to pay a significant amount of money for the temporary power and other expenses, which have not been paid for in accordance with the insurance Policy. Although there is covered damage, General Star continues to delay full payment for Plaintiff's claim.

9. Further, General Star and Henning made material misrepresentations about Policy provisions, coverage and the law in Texas applying thereto. General Star, Henning and their agents have kept and have in their possession a claim file which details the Plaintiff's claim and their investigation, adjustment and subsequent denial of full payment on the claim.

10. Further, General Star delayed the payments it did make on the claim to Plaintiff causing Plaintiff to have to incur costs out of pocket. Although General Star was notified of the Loss in July of 2018 and it acknowledged coverage, Plaintiff did not receive any claim payment for months. General Star never paid Plaintiff for the lost rents in two of the units from July 2018 to January 2019.

11. General Star wrongfully denied Plaintiff's claim for full and complete costs associated with the repairs and restoration to the Property even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, General Star failed to fully pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff and engaged its agents to misrepresent Policy provisions and coverage. To date, General Star continues to delay in the payment for the damages to the Property, and other costs Plaintiff had to incur because of General Star's failure to pay what it owed on the claim.

## VI.
## CAUSES OF ACTION AGAINST GENERAL STAR

**A.    BREACH OF CONTRACT**

12. Plaintiff re-alleges the foregoing paragraphs. General Star and its agents' conduct constitutes a breach of the insurance contract between it and Plaintiff. General Star's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

13. General Star failed to perform its contractual duty to adequately compensate Plaintiff under the terms of its Policy. Specifically, General Star refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. General Star conduct constitutes a breach of the insurance contract between it and Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

    **1.    UNFAIR SETTLEMENT PRACTICES**

14. Plaintiff re-alleges the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. General Star violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

### § 541.051.  Misrepresentation regarding Policies.

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

### § 541.060.  Unfair Settlement Practices.

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;
- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;
- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policy;
- conducting an outcome-oriented investigation in order to provide a basis to underpay the claim; and/or
- relying on biased experts.

### § 541.061.  Misrepresentation of Insurance Policy.

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

## 2. THE PROMPT PAYMENT OF CLAIMS

15. Plaintiff re-alleges the foregoing paragraphs. General Star's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

16. General Star failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

17. Further, General Star failed to accept or deny Plaintiff's full and entire claims within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

18. General Star failed to timely pay Plaintiff's claim, and failed to timely pay for all of the covered losses. TEX. INS. CODE §542.057. As described above, General Star did not promptly pay undisputed claim benefits it knew were owed. As well, to date, General Star has still failed to pay covered benefits.

19. General Star failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claims and, to date, Plaintiff has not received full payment for the covered losses. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

20. Because of General Star's wrongful acts and omissions, Plaintiff was forced to

retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

**C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

21. Plaintiff re-alleges the foregoing paragraphs. General Star's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

22. From and after the time Plaintiff's loss was presented to General Star, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. General Star's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Further, General Star's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**VII.**
**CAUSES OF ACTION AGAINST DEFENDANT HENNING**

**A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

24. Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Henning was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Henning and her agents constitute one or more violations of the Texas Insurance Code.  More specifically, Henning has, among other violations, violated the following provisions of the Code:

    1. Insurance Code § 542.003(b)(5).

      2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claims with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage or coverages known to be covered by the Policy and owed on the claim; and/or

- conducting an outcome-oriented investigation in order to provide the carrier with a basis to underpay the claims.

25. The foregoing paragraphs are incorporated herein. General Star assigned the loss and the claim to Henning who was at all pertinent times the agent of General Star, through both actual and apparent authority. The acts, representations and omissions of Henning are attributed to General Star.

26. Henning was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's loss, including quantifying the damage to Plaintiffs' Property. However, she delayed the investigation from the beginning. Henning delayed in hiring a building consultant she claimed was necessary for the claim adjustment. Then, she hired a building consultant known to be biased toward for insurance companies in order to aid General Star in keeping any claim payments low.

27.     Henning misrepresented Plaintiff's deductible and coverage for asbestos. In fact, she delayed in responding to the asbestos coverage questions, causing Plaintiff's further damages by information and belief. She further delayed the investigation for months and admitted she had delayed in sending General Star the initial proof of loss to get payment on the claim.

28.     Henning failed to conduct a reasonable investigation by purposefully ignoring covered damages. By information and belief, she ignored damages covered by Plaintiff's Extra Expense and Lost Income/rents policy benefits, and also significant costs for temporary power to Plaintiff's Property. She also delayed in relaying payment for Plaintiff's boiler to General Star, resulting in a late payments. Henning knew that Plaintiff was entitled to the lost rents in two units, but wholly failed to investigate or report to General Star that such coverage should be paid.

29.     Despite the fact that the Texas Insurance Code dictates that adjusters must conduct a prompt and reasonable investigation and adjustment of a claim, Henning failed to do so and actually set out to conduct an outcome-oriented investigation and adjustment.

30.     Despite having been assigned the claims, and despite being given authority and instructions to inspect, adjust and evaluate the claims, Henning failed and refused to properly and timely adjust the claims. She failed to request information, failed to adequately investigate the claims, failed to respond to requests for information from the Plaintiff and/or its agents, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report to General Star and make recommendations to it to address all the covered damages.

31.     The Plaintiff provided information regarding the loss and the claims to Henning. The Plaintiff allowed them full and complete access to the Property. The Plaintiff provided sufficient information when requested to Henning so she could fairly and reasonably adjust and evaluate the loss, but she failed to do so. Henning also misrepresented the Policy to Plaintiff. As result of Henning's misrepresentations, inadequate and outcome-oriented investigation, to date,

Plaintiff has not received full payment for the claim or been compensated for the out of pocket expenses paid to date. Henning wholly failed to conduct a reasonable investigation as is required by the Texas Insurance Code.

32. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Henning's conduct caused a failure to effectuate a prompt, reasonable settlement of the claim. Moreover, one or more of the foregoing acts or omissions were committed "knowingly" entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VIII.
## CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR CIVIL CONSPIRACY

33. Plaintiff re-alleges the foregoing paragraphs. The Defendants conspired to underpay Plaintiff's claim. General Star assigned Henning to investigate Plaintiff's claim, and the Defendants set out to intentionally conduct an outcome-oriented investigation in order to avoid paying for all of the damages to Plaintiff's Property covered by the Policy. The Defendants' conspiracy was a proximate cause of Plaintiff's damages.

## IX.
## KNOWLEDGE

34. Each of the acts described above, together and singularly, was done "knowingly" by Defendants as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

35. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

36. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

37. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, consequential damages not covered by Plaintiff's Policy and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

38. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

39. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

40. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.

41. In addition, as to any exclusion, condition, or defense pled by Defendants, Plaintiff would show that:

42. The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiff's claims, including the cost of access to fix the damages;

43. In the alternative, any other construction of the language of the policy is void as against public policy;

44. Any other construction and its use by the Defendants violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

45. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

46. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

47. In the alternative, Defendants are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

48. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring reformation.

## XII.

## JURY DEMAND

49. The Plaintiff requests a jury trial on all allegations and causes of action set forth herein as allowed by Texas law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that Defendants be cited to appear and answer herein and upon trial hereof, the Plaintiff have and recover judgment over and against the Defendants for actual and statutory damages, exemplary damages, attorneys' fees, all costs of court, pre and post judgment interest at the appropriate allowable rates and for


any and all other relief at law and in equity to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

By: _____
SHANNON E. LOYD
 "Attorney in Charge"
State Bar No. 24045706
THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
(210) 775-1424
Fax (210) 775-1410
Email: shannon@theloydlawfirm.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I thereby certify that a true and correct copy of Plaintiff's First Amended Original Complaint was served on the attorney in charge for Defendants by electronic filing pursuant to the Federal Rules of Civil Procedure, on this 18th day of June, 2020 to:

Lindsey P. Bruning
State Bar No.: 24064967
Kristin C. Cummings
State Bar No.: 24049828
Eric L. Grogan
State Bar No.: 24116461
ZELLE LLP
901 Main Street, Suite 4000
Dallas, Texas 75202
Tel: 214-742-3000
Fax: 214-760-8994
Email: kcummings@zelle.com
        lbruning@zelle.com
        egrogan@zelle.com

_____
SHANNON E. LOYD